UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT CHAMPION, et al.,<br><br>                          Plaintiffs,<br>v.<br><br>FELD ENTERTAINMENT, INC.. a Delaware Corporation; FELD MOTOR SPORTS, INC., a Delaware Corporation; DIRT WURX USA, LLC, a New York Limited Liability Company; Does 1 through 100,<br><br>                         Defendants. | Case No.: 20-cv-2400-DMS-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Pending before the Court is Defendants Feld Entertainment, Inc., Feld Motor Sports, Inc., and Dirt Wurx USA, LLC's ("Defendants") motion to dismiss Plaintiffs' Complaint. Plaintiffs filed a response in opposition, and Defendants filed a reply. For the following reasons, the Court grants the motion.

**I.**

**BACKGROUND**

This case arises out of Plaintiffs' participation in a "Supercross" motocross race event run by Defendants, which took place on February 2, 2019, at the Petco Park stadium

in San Diego, California.[1] (Compl., ECF No. 1, ¶ 1.)

Plaintiffs are experienced motocross riders who allege they were injured while participating in the Supercross event as a result of Defendants' decision to add caustic lime, or quicklime, to the racetrack's soil. (*Id.* ¶¶ 5–11, 18.) Caustic lime is a substance used in the construction industry to dry soil so that construction can continue during rain. (*Id.* ¶ 19.) It can cause burns, irritate skin and eyes, and must be washed off skin upon contact to prevent severe injury. (*Id.*) If caustic lime is not mixed thoroughly with the soil and properly compacted, it will leach out of the soil. (*Id.* ¶ 20.) Plaintiffs allege Defendants decided to add caustic lime to the soil because they knew rain was forecast for the date of the Supercross event, and that the rain would cause the outdoor dirt track to become wet and muddy. (*Id.* ¶ 18.) Plaintiffs claim Defendants did not properly mix the caustic lime into the soil or did not properly compact the soil. (*Id.* ¶ 22.) Plaintiffs allege Defendants knew or should have known that the rain would cause the lime to leach out of the soil and injure race participants, but that Defendants did not warn participants about this danger or take action to protect participants from this danger. (*Id.*)

Based on these alleged facts, Plaintiffs filed the present action in this Court on December 9, 2020, alleging a claim for gross negligence. (*Id.*) Plaintiffs seek damages, including punitive damages, and costs. (*Id.*, Prayer for Relief.) Defendants filed a motion to strike and a motion for more definite statement (ECF Nos. 6, 7), and now move to dismiss (ECF No. 10).

## II.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss, all material

---

[1] Although Plaintiffs' Complaint alleges this event took place on February 4, 2019, Plaintiffs acknowledge this was an error and that the correct date is February 2, 2019. (Pls.' Opp'n to Mot. to Dismiss, ECF No. 16, at 2 n.1.)

factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept all conclusory allegations as true. Rather, it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.3d 1115, 1121 (9th Cir. 1992) (citation omitted). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III.

## DISCUSSION

Defendants move to dismiss, raising two main arguments: first, that any claim for ordinary negligence is barred by Plaintiffs' assumption of risk and signed liability releases, and second, that Plaintiffs fail to plead gross negligence. The Court declines to address Defendants' ordinary negligence arguments, because even assuming Defendants are correct, these arguments do not foreclose a claim of gross negligence.[2] Plaintiffs'

---

[2] Gross negligence is not necessarily a separate cause of action from ordinary negligence, but provides a theory under which a defendant may be liable even where a release bars liability for ordinary negligence. *See Hass v. RhodyCo Prods.*, 236 Cal. Rptr. 3d 682, 697–98 (Cal. Ct. App. 2018). The Court thus also declines to consider the liability waivers submitted in support of Defendants' motion to dismiss because these liability waivers are not applicable to a claim of gross negligence. *See City of Santa Barbara v. Superior Ct.*, 161 P.3d 1095, 1097 (Cal. 2007) ("[A]n agreement made in the context of sports or recreational programs or services, purporting to release liability for future gross negligence, generally is unenforceable as a matter of public policy."). Similarly, under the primary assumption of risk doctrine, "the defendant owes no duty to protect a plaintiff from particular harms arising from ordinary, or simple negligence," *Kim v. Cty. of Monterey*, 256 Cal. Rptr. 3d 525, 536 (Cal. Ct. App. 2019), but may still be liable for more aggravated misconduct such as gross negligence or recklessness, *see City of Santa Barbara*, 161 P.3d

1  Complaint is specifically premised on a theory of gross negligence, and the Court
2  accordingly turns to the question of whether Plaintiff has sufficiently stated a claim.

3  "Gross negligence is pleaded by alleging the traditional elements of negligence:
4  duty, breach, causation, and damages." *Rosencrans v. Dover Images, Ltd.*, 122 Cal. Rptr.
5  3d 22, 31 (Cal. Ct. App. 2011). However, to state a claim for gross negligence, the plaintiff
6  must allege "extreme conduct" by the defendant. *Id.* The alleged conduct must rise to the
7  level of "either a want of even scant care or an extreme departure from the ordinary
8  standard of conduct." *Id.* (quoting *City of Santa Barbara v. Superior Ct.*, 161 P.3d 1095,
9  1099 (Cal. 2007) (internal quotation marks omitted).

10  Plaintiffs allege Defendants' "use of caustic lime in events such as the Supercross
11  Event . . . was an extreme departure from the standard of care in the industry" and subjected
12  Plaintiffs to a risk of injury outside the risks inherent in motocross events. (Compl. ¶ 21;
13  *see id.* ¶ 25.) Defendants argue Plaintiffs' allegations are conclusory, and that Plaintiffs
14  fail to allege facts establishing the ordinary standard of care. The Court agrees.

15  In a sports context, "the relevant duty of care is a duty not to increase the risks to a
16  participant over and above those inherent in the sport." *Kim v. Cty. of Monterey*, 256 Cal.
17  Rptr. 3d 525, 537 (Cal. Ct. App. 2019), *review denied* (Mar. 25, 2020). Here, although
18  Plaintiffs plead facts about the use of lime in the construction industry, Plaintiffs have not
19  alleged sufficient facts regarding the existing standards of care and the regulations
20  applicable to the use of caustic lime in the motocross industry. Plaintiffs appear to allege
21  Defendants decided to use lime to dry the track's soil, but that the lime was improperly
22  mixed and/or the track's soil was not properly compacted. However, it is unclear from
23  Plaintiffs' Complaint whether the use of lime on a track is a risk inherent to motocross
24  racing—*i.e.*, whether any use of lime at all is a departure from industry standards, or

---

27  at 1116. *See also Kim*, 256 Cal. Rptr. 3d at 356 (stating "express agreement releasing
28  future liability for negligence" can "be viewed as analogous to primary assumption of
    risk") (internal quotation marks and citation omitted).

4

whether, for instance, Plaintiffs' claim is based specifically on a failure to mix and/or compact the lime given the weather on the day in question.

Thus, although Plaintiffs assert Defendants' use of caustic lime was an extreme departure from the ordinary standard of conduct, Plaintiffs "ha[ve] not alleged sufficient facts to support such a conclusory assertion. Indeed, Plaintiff[s] ha[ve] not shown that Defendant[s'] policies depart from any industry standard of care, much less an extreme departure." *Mayall v. USA Water Polo, Inc.*, 174 F. Supp. 3d 1220, 1230 (C.D. Cal. 2016) (finding plaintiff failed to state a claim for gross negligence). Accordingly, since Plaintiffs have not pled a plausible claim for gross negligence, the Court grants Defendants' motion to dismiss.

Generally, when dismissing for failure to state a claim pursuant to Rule 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations omitted). Here, Plaintiffs should be afforded an opportunity to attempt to cure the deficiencies in their Complaint. Accordingly, the Court grants Plaintiffs leave to amend.

### IV.
### CONCLUSION AND ORDER

For the reasons set out above, Defendants' motion to dismiss is GRANTED. Plaintiffs may file a First Amended Complaint within thirty (30) days of this order. Defendants' motion to strike (ECF No. 6) and motion for more definite statement (ECF No. 7) are DENIED as moot.

**IT IS SO ORDERED**.

Dated:  May 5, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court