1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

SCOTT CHAMPION; NICK
DESIDERIO; CHEYENNE HARMON;
HEATH HARRISON; LOGAN
KARNOW; AUSTIN POLITELLI; and
BROC SHOEMAKER,

                    Plaintiffs,

v.

FELD ENTERTAINMENT, INC., a
Delaware Corporation; FELD MOTOR
SPORTS, INC., a Delaware Corporation;
DIRT WURX USA, LLC, a New York
Limited Liability Company; and DOES 1
through 100,

                    Defendants.

Case No.: 20-cv-2400-JO-KSC

**ORDER ON JOINT MOTION
FOR ISSUANCE OF DEFENDANTS'
EVIDENCE REQUEST UNDER
THE HAGUE CONVENTION FOR
DISCOVERY FROM THIRD-PARTY
WITNESS FÉDÉRATION
INTERNATIONALE DE
MOTOCYCLISME**

**[Doc. No. 44]**

Before the Court is the parties' Joint Motion for Issuance of Defendants' Evidence Request Under the Hague Convention for Discovery from Third-Party Witness (the "Joint Motion" or "Jt. Mot."). Doc. No. 44. Therein, the parties request that this Court issue a letter of request for discovery (the "Evidence Request") from third-party witness Fédération Internationale de Motocyclisme ("FIM") in Switzerland. *Id.* at 2. The Court heard argument from the parties on June 1, 2022, which was recorded. Having considered

the record before it, the arguments of counsel, and the applicable law, and for the reasons stated below, the Court **GRANTS** the Joint Motion.

## I.   BACKGROUND

Plaintiffs in this action are motocross riders who were allegedly injured while participating in a February 2, 2019 motocross event (the "Supercross Event"). *See generally* Doc. No. 20. Plaintiffs allege that defendants, who are the organizers of the event or were responsible for preparing and maintaining the racetrack, negligently applied caustic lime to the dirt racetrack and that plaintiffs were injured when they came into contact with the lime mixture during the race. *See generally id.*; *see also* Jt. Mot. at 2. The parties represent that FIM was the "sanctioning body" that sanctioned the Supercross Event. *Id.* As such, "defendants anticipate that FIM is in the possession of records relevant to [plaintiffs'] claims . . . including racer profiles, documents identifying the dirt bikes entered in races, and medical releases and proofs of physical examinations required to participate in races." *Id.* Defendants[1] assert that these documents will bear on plaintiff's claims of physical injury and property damage, and defendants' defenses to those claims. *Id.* The parties therefore request the Court's assistance in obtaining this discovery by issuing an Evidence Request under the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters[2] to be submitted to the appropriate authorities in Switzerland, where FIM is headquartered. *Id.*

///

///

---

[1] Although styled as a Joint Motion and signed by both plaintiffs' counsel and defense counsel, it appears that the evidence is sought by defendants. *See* Jt. Mot. at 7.

[2] *Opened for signature June 1, 1970. See* 23 U.S.T. 2555, T.I.A.S. 7444, 847 U.N.T.S. 231 (hereafter referred to as the "Hague Convention"). The text of the Hague Convention is available at the website for the Hague Conference on Private International Law [hereafter "HCCH website"]. *See* https://www.hcch.net/en/instruments/conventions/specialised-sections/evidence (last visited June 1, 2022).

## II.   REQUESTED DISCOVERY

Attached to the Joint Motion is the proposed Evidence Request and Exhibit A, which specifies the discovery defendants seek from FIM. *See* Doc. No. 44-2 at 7.

Defendants' proposed Evidence Request was refined during and based on the discussion with the Court during the June 1, 2022 hearing.  As such, and as discussed in more detail below, the Court will approve defendants' request for the following documents related to plaintiffs Scott Champion, Nick Desiderio, Cheyenne Harmon, Austin Politelli and Broc Shoemaker (the "individual plaintiff(s)"):[3]

1. The entire racer profile files for each individual plaintiff who participated in the Monster Energy AMA Supercross – FIM World Championship series between 2017 and 2021;

2. The entire membership file for each individual plaintiff;

3. The license application and all supporting qualifications submitted in support thereof for each individual plaintiff;

4. All entry forms, registrations, and related documents, including but not limited to, certifications such as anti-doping, completed by or on behalf of each individual plaintiff for the Monster Energy AMA Supercross – FIM World Championship series between 2017 and 2021;

5. Documents sufficient to show how each individual plaintiff placed in any Monster Energy AMA Supercross – FIM World Championship series race between 2017 and 2021;

6. All documents related to any insurance or proof of insurance provided by or on behalf of each individual plaintiff who participated in any Monster Energy AMA Supercross – FIM World Championship series race between 2017 and 2021;

7. Documents sufficient to identify each dirt bike or motorcycle (for example, tech stickers, frame numbers, etc.) utilized by each individual plaintiff in any

---

[3] Based on counsel's representations during and after the hearing, the Court understands that Logan Karnow and Heath Harrison intend to dismiss their claims.

Monster Energy AMA Supercross – FIM World Championship series race between 2017 and 2021;

8. All releases, waivers, and consents signed by or on behalf of each individual plaintiff related to any Monster Energy AMA Supercross – FIM World Championship series race between 2017 and 2021; and

9. All medical releases, clearance, physical or other proofs of physical examinations provided for or on behalf of each individual plaintiff related to any Monster Energy AMA Supercross – FIM World Championship series race between 2017 and 2021.

10. All documents that reference any claim made by the individual plaintiffs related to injuries or damages attributed to the addition of lime to the dirt track in connection with the February 2, 2019 Supercross Event at Petco Park in San Diego, California.

## III.    DISCUSSION

A. Use of the Hague Convention Procedures Is Appropriate

The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Ct. for the S. Dist. Of Iowa*, 482 U.S. 522, 524 (1987) [hereafter "*Aérospatiale*"]. Among those procedures is the issuance of "a formal written request sent by a [domestic] court to a foreign court for the purpose of obtaining evidence . . . in a pending action." *Scalia v. Int'l Longshore and Warehouse Union*, 337 F.R.D. 281, 287 (N.D. Cal. 2020) (citations and internal quotations omitted). Specifically, signatory States, including the United States and Switzerland, agree that in "civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act," and further agree to receive and act upon such written requests for evidence from foreign courts. *See* Hague Convention, art. 1 & 2. A court may employ the Hague Convention procedures whether evidence is sought from parties or nonparties. *See Aérospatiale*, 482 U.S. at 540-41.

4

The issuance of an evidence request is a matter within both the authority and the discretion of the federal court. *See Scalia*, 337 F.R.D. at 288; *accord* 28 U.S.C. § 1781 (b)(2) (referencing the authority of a "tribunal in the United States" to transmit a written request for evidence to a foreign tribunal). Before issuing a letter of request, the Court must analyze the specific facts and consider the foreign jurisdiction's interests to determine if the Hague Convention procedures are appropriate and will be effective. *See Aérospatiale*, 482 U.S. at 544 (requiring the Court to conduct a "particularized" comity analysis). Factors relevant to this analysis include the importance of the information requested to the litigation, whether the request is sufficiently specific, whether the information originated in the United States, whether the evidence is available from another source, and how the issuing or receiving nations' interests will be affected. *Id.* at 544 n.28. The Supreme Court directs that the Court must "exercise special vigilance to protect foreign litigants" from "unnecessary [or] unduly burdensome" discovery. *Id.* at 546.

The Court finds that on balance, these factors weigh in favor of issuing the Evidence Request. Subject to some limitations discussed below, the documents sought are plainly relevant to the parties' claims and defenses as they bear on plaintiff's physical condition, and the condition of their equipment, before and after the Supercross Event. The Evidence Request is sufficiently specific and, as defendants correctly note, FIM is outside the subpoena power of this Court. *See* Jt. Mot. at 2. On the issue of whether the documents are available from another source, the Joint Motion is silent.[4] However, at the hearing, defendants' counsel proffered that they had exhausted their efforts to obtain the documents from both plaintiffs and domestic organizations that may be in possession of the documents. Defendants' counsel acknowledged that FIM may not have responsive documents, but seeks to confirm whether any such documents exist, and, if they do, to obtain copies of them. Plaintiffs' counsel represented that all responsive documents in

---

[4] Defendants have apparently misapprehended this factor and discuss whether the documents are available from the same ***source*** (FIM) by another ***method***. *See* Jt. Mot. at 5.

plaintiffs' possession have already been produced to defendants and that, given the nature of the documents at issue, it is likely that plaintiffs did not retain copies of them. Accordingly, the Court is persuaded that the documents are not reasonably available from another source.

B. The Requested Discovery Does Not Fall Within Any of Switzerland's Reservations to the Hague Convention

Absent an indication that the requested discovery is prohibited by the law of the foreign jurisdiction the Court "analyzes the propriety of the requests under the Federal Rules [of Civil Procedure]." *See Scalia*, 337 F.R.D. at 288. The parties' submission does not address whether the requested discovery is contrary to Swiss law. However, Article 23 of the Hague Convention provides that Contracting States may decline to execute certain requests for pretrial discovery. *See* Hague Convention, art. 23. Switzerland has not prohibited pretrial discovery altogether, but has "declare[d]" that it will not execute letters of request for pretrial discovery if:

a) the request has no direct and necessary link with the proceedings in question; or

b) a person is required to indicate what documents relating to the case are or were in his/her possession or keeping or at his/her disposal; or

c) a person is required to produce documents other than those mentioned in the request for legal assistance, which are probably in his/her possession or keeping or at his/her disposal; or

d) interests worthy of protection of the concerned persons are endangered.

*See* Declaration/Reservation/Notification, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=561&disp=resdn (last visited June 1, 2022).

As explained below, the requested documents directly relate to the parties' claims and defenses, and the Evidence Request does not require FIM to identify additional case-related documents it may have in its possession or to produce documents other than those specifically identified therein. Furthermore, plaintiffs have no objection to FIM producing

20-cv-2400-JO-KSC

the requested evidence. *See* Jt. Mot. at 2; Doc. No. 44-1 at 2. In sum, the Court finds that production of the requested documents is not prohibited because Switzerland is a signatory to the Hague Convention and none of its reservations are implicated by defendants' Evidence Request.[5]

C.  Whether the Requested Discovery Is Within the Scope of Rule 26

The Court turns to whether the documents defendants seek are within the permissible scope of discovery under the Federal Rules of Civil Procedure. *See Successor Agency to the Former Emeryville Redevelopment Agency v. Swagelok Co.*, No. 17-cv-00308-WHO, 2020 WL 7042860, at *2 (N.D. Cal. Dec. 1, 2020) (noting that "[l]ike all discovery, motions for letters of request are subject to the standards of Rule 26(b)"). That scope is broad, but "not unlimited." *Cabell v. Zorro Prods.*, 294 F.R.D. 604, 607 (W.D. Wash. 2013). Rule 26 provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26 requires parties to tailor their requests to the needs of the case, and where they fail to do so, the Court "must limit" the discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

---

[5] Defendants cite *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468 (9th Cir. 1992), for additional factors the Court may consider in its comity analysis. *Richmark* examined a Chinese company's noncompliance with a discovery order that the company contended violated Chinese secrecy laws. *Id.* at 1474. The Ninth Circuit stated that in issuing the discovery order, the trial court could consider whether compliance with the order would subject the responding party to penalties in the foreign jurisdiction, or, relatedly, whether the order was effectively unenforceable in the foreign jurisdiction. *Id.* at 1475-76. However, since the proposed Evidence Request is not prohibited by Swiss law, the Court finds these factors are inapposite.

The scope of discovery under the Federal Rules applies equally to parties and nonparties. *See* Fed. R. Civ. P. 45, advisory committee notes to 1991 amendment, subdivision (a) ("The non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34."). However, the Court notes that if FIM were subject to a Rule 45 subpoena, defendants would be obligated to avoid unduly burdensome or expensive discovery requests to it. *See* Fed. R. Civ. P. 45(d). This protection is echoed in the Supreme Court's directive that district courts "supervise" requests for evidence from foreign litigants "particularly closely" to protect responding parties from abuse and undue burden. *Aérospatiale*, 482 U.S. at 546. The Court has "'broad discretion'" to "'permit or deny discovery.'" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citation omitted).

The Court finds that the requested evidence is plainly relevant to the parties' claims and defenses, as it will tend to show plaintiffs' physical condition, and the condition of their racing equipment, before and after the Supercross Event. *See* Fed. R. Civ. P. 26(b)(1). However, as discussed at the June 1, 2022 hearing, many of the original document requests were deemed impermissibly overbroad and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (providing that the Court "must limit" discovery that is unreasonably cumulative, duplicative or burdensome). Specifically, the Court was concerned that a request for documents for seven individuals spanning a seven-year period was not necessary to the prosecution or defense of the litigation and had the potential to be burdensome to FIM. *See Aérospatiale*, 482 U.S. at 546 (cautioning courts to curb "unnecessary" discovery to foreign nonparty litigants). Therefore, the appropriate time period has been revised to include discovery for two years preceding and the two years following the Supercross Event. Furthermore, the parties will not burden FIM with searching for and producing documents for the two plaintiffs who intend to dismiss their claims.

Relatedly, the Court expressed a concern that requests for "all documents" was overbroad and not proportional to the needs of the case. *See Painters Joint Comm. v. Emp.*

*Painters Trust Health & Welfare Fund*, No. 2:10-cv-01385-JCM-PAL, 2011 WL 4549232, at *2 (D. Nev. Sept. 29, 2011) (citation omitted) (subpoena for "any and all documents" for a five-year period of time involving several different individuals and entities is facially overbroad). Counsel therefore eliminated one such request, and the Court in its discretion has modified other requests to require only "documents sufficient to show" matters that are the subject of defendants' discovery requests. The Court also consolidated two requests that were largely duplicative of one another. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

In sum, the Court finds that subject to the modifications described above and at the June 1, 2022 hearing, the requested discovery is within the scope of Rule 26. The Joint Motion is accordingly **GRANTED** and the Evidence Request, as modified, will issue.

## <u>ORDER</u>

For the foregoing reasons, the Joint Motion for Issuance of Defendants' Evidence Request Under the Hague Convention for Discovery from Third-Party Witness [Doc. No. 44] is **GRANTED**. The Court hereby authorizes a request for discovery from FIM consistent with the terms of this Order and as reflected in the attached Evidence Request. It shall be the responsibility of the parties to deliver the Evidence Request to the appropriate authorities in Switzerland.  A signed copy of the Evidence Request bearing the Court's seal is available to be picked up from the Clerk of the Court, whose address and business hours are available on the Court's website.

**IT IS SO ORDERED.**

Dated: June 2, 2022

Hon. Karen S. Crawford
United States Magistrate Judge

9

20-cv-2400-JO-KSC

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT CHAMPION; NICK DESIDERIO; CHEYENNE HARMON; HEATH HARRISON; LOGAN KARNOW; AUSTIN POLITELLI; and BROC SHOEMAKER; | CASE NO.: 20-cv-02400 **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |
| Plaintiffs, | |
| v. | |
| FELD ENTERTAINMENT; INC., FELD MOTOR SPORTS, INC.; DIRT WURX USA LLC; and DOES 1 through 100 | |
| Defendants. | |

**IDENTITY AND ADDRESS OF THE APPLICANT:**

United States District Court for the Southern District of California
Honorable Karen S. Crawford
James M. Carter and Judith N. Keep United States Courthouse
333 West Broadway
San Diego, CA 92101
USA

**CENTRAL AUTHORITY OF THE RECEIVING STATE:**

Tribunal Cantonal
Division Entraide judiciaire
Palais de justice de l'Hermitage
Route du Signal 8
1014 Lausanne
SWITZERLAND

      In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (hereinafter referred to as "Hague Convention No. 20"), the undersigned applicant has the honor and judicial authority to submit this request on behalf of Defendants in the above-entitled action.

      The United States District Court for the Southern District of California, by and through the Honorable Karen S. Crawford, presents its compliments to the judicial authorities of Vaud,

Switzerland and requests international judicial assistance to obtain evidence to be used in a civil

proceeding before this Court in this action.

In accordance with Article 9 of Hague Convention No. 20, this Court requests the assistance

of the Courts of Vaud, Switzerland to compel the below-named entity to submit the requested

evidence (described in Exhibit A) to an appropriately designated authority for Vaud, Switzerland

for subsequent return to this court for examination in this case.

| PLAINTIFFS | PLAINTIFFS' REPRESENTATIVES |
|---|---|
| Scott Champion<br>Nick Desiderio<br>Cheyenne Harmon<br>Heath Harrison<br>Logan Karnow<br>Austin Politelli<br>Broc Shoemaker<br>c/o Counsel<br>Samuel G. Lynn, Esq.<br>GOMEZ TRIAL ATTORNEYS<br>655 W. Broadway<br>Suite 1700<br>San Diego, CA 92101<br>USA | Samuel G. Lynn, Esq.<br>GOMEZ TRIAL ATTORNEYS<br>655 W. Broadway<br>Suite 1700<br>San Diego, CA 92101<br>USA<br>Telephone: (619) 237-3490<br><br>Brittany Cohen, Esq.<br>Kathy Rabii, Esq.<br>RC LEGAL GROUP<br>101 West Broadway, Suite 1170<br>San Diego, CA 92101<br>USA<br>Telephone: (858) 800-2458 |
| DEFENDANTS | DEFENDANTS' REPRESENTATIVES |
| Feld Entertainment, Inc.<br>Feld Motor Sports, Inc.<br>Dirt Wurx USA LLC<br>c/o Counsel<br>David P. Hansen, Esq.<br>SNELL & WILMER L.L.P.<br>600 Anton Blvd., Suite 1400<br>Costa Mesa, California 92626-7689<br>USA | Vaughn A. Crawford, Esq.<br>David P. Hansen, Esq.<br>dhansen@swlaw.com<br>SNELL & WILMER L.L.P.<br>600 Anton Blvd., Suite 1400<br>Costa Mesa, California 92626-7689<br>Telephone: (714) 427.7000<br><br>Douglas D. Cullins, Esq.<br>Chanel P. Araujo, Esq.<br>CULLINS & GRANDY LLP<br>Moulton Park Place<br>23141 Verdugo Drive, Suite 204<br>Laguna Hills, CA 92653<br>Telephone: (949) 454-2500 |

**REPRESENTATIVE DESIGNATED TO ACT ON BEHALF OF THIS COURT IN RELATION TO THIS REQUEST:**

It is requested that should contact or correspondence be required in relation to this request,

the following individual is appointed in this matter for that purpose:

David P. Hansen, Esq.
dhansen@swlaw.com
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, California 92626-7689
Telephone: (714) 427.7515

**ENTITY FROM WHOM EVIDENCE IS REQUESTED:**

Federation Internationale de Motocyclisme
11, Route de Suisse
1295 Mies
Switzerland
Telephone: +41 (0) 22 950 95 00
Facsimile: +41 (0) 22 950 95 01

**RELEVANCE-CONNECTION TO REQUEST**

This Court respectfully requests that the Courts of Vaud, Switzerland appoint an appropriate

judicial authority in Vaud, Switzerland to preside over this request and compel the above-named

entity to provide the evidence described in Exhibit A, which is relevant to the Plaintiff's case.

**Federation Internationale de Motocyclisme** shall be permitted to have counsel present.

**Federation Internationale de Motocyclisme ("FIM")** is a business entity, legally

operating and doing business in Vaud, Switzerland, and in possession of the requested evidence and

information.

**SUBJECT MATTER AND RELATIVITY OF THIS REQUEST:**

Plaintiffs have filed a claim in this court against defendants for injuries they sustained while

participating in a February 2, 2019 Supercross Event (the "Supercross Event"). At this event, the

Plaintiffs allege that defendants were negligent when they applied a dirt, sand, and lime mixture to

the race track which, when it became wet during the Supercross Event, allegedly caused the plaintiffs to suffer injuries and damages.

FIM is a global governing/sanctioning body of motorcycle racing. FIM was the entity that sanctioned the Monster Energy AMA Supercross — FIM World Championship series between 2014 and 2021, which includes the above Supercross Event. In order to participate, the racers (including Plaintiffs) are required to fill out license applications, entry forms, and related documents, including medical releases and waivers, proofs of physical examinations, and documents related to each dirt bike that was utilized during the Championship series. These documents contain information about each Plaintiffs condition and performance, which are relevant to the Plaintiffs' injury claims.

In view of the foregoing, it is therefore requested, in the interest of justice, that the appropriate judicial authority of Vaud, Switzerland issue an order, in accordance with Articles 9 and 10 of Hague Convention No. 20 and the laws and procedures of the Courts of Vaud, Switzerland, summoning FIM to produce an appropriate representative to provide the requested evidence (described below) to the appropriate authority for Vaud, Switzerland, to be ultimately returned to the this Court for use at trial in this case.

**REQUESTED EVIDENCE:**

1. The entire racer profile files for each individual identified below that participated in the Monster Energy AMA Supercross – FIM World Championship series between 2017 and 2021;

2. The entire membership file for each individual identified below;

3. The license application and all supporting qualifications submitted in support thereof for each individual identified below;

4. All entry forms, registrations, and related documents, including but not limited to, certifications such as anti-doping, completed by or on behalf of each individual identified below for the Monster Energy AMA Supercross – FIM World Championship series between 2017 and 2021;

5. Documents sufficient to show how each individual identified below placed in any Monster Energy AMA Supercross – FIM World Championship series race between 2017 and 2021;

6. All documents related to any insurance or proof of insurance provided by or on behalf of each individual identified below that participated in any Monster Energy AMA Supercross – FIM World Championship series race between 2017 and 2021;

7. Documents sufficient to identify each dirt bike or motorcycle (for example, tech stickers, frame numbers, etc.) utilized by each individual identified below in any Monster Energy AMA Supercross – FIM World Championship series race between 2017 and 2021;

8. All releases, waivers, and consents signed by or on behalf of each individual identified below related to any Monster Energy AMA Supercross – FIM World Championship series race between 2017 and 2021; and

9. All medical releases, clearance, physical or other proofs of physical examinations provided for or on behalf of each individual identified below related to any Monster Energy AMA Supercross – FIM World Championship series race between 2017 and 2021.

10. All documents that reference any claim made by the individuals identified below related to injuries or damages attributed to the addition of lime to the dirt track in

connection with the February 2, 2019 Supercross Event at Petco Park in San Diego,

California.

*INDIVIDUAL PARTICIPANTS/RACERS***:**

Scott Champion
Nick Desiderio
Cheyenne Harmon
Austin Politelli
Broc Shoemaker

**SPECIFIC REQUESTS:**

1.      **It is requested that should any portion of this request be denied, on legal grounds, that such denial not affect the remainder of this request**.  In accordance with Article 13 of Hague Convention No. 20, it is further requested that the above-designated representative, and this Court, be immediately informed of any such refusal and the associated legal grounds.

2.      It is requested that the judicial authorities of Vaud, Switzerland issue an order for the requested documents (attached as Exhibit A) to be produced as quickly as possible.

3.      In accordance with Article 9 of Hague Convention No. 20, it is requested that the appropriate authority in Vaud, Switzerland provide to this Court, as soon as convenient, all information regarding decisions made relating to the acquisition of evidence from FIM**.**

4.      It is requested that any documents and evidence produced be properly sealed and authenticated by the appropriate authority for, and in accordance with the laws of, Vaud, Switzerland and returned to this Court for examination and use in this case.

Any costs associated with acquisition, production, authentication or return of this evidence shall be the responsibility of Defendants'  counsel in this matter and said costs shall be reimbursed upon request.

5.     It is requested that responsive evidence, if any, be provided to the requesting party within 30 days of receipt of this letter.

When required, the below-signed judicial authority shall provide reciprocal assistance, such as requested herein, to the appropriate judicial authorities of Vaud, Switzerland.

WITNESS, the Honorable Karen S. Crawford, Magistrate Judge for the United States District Court for the Southern District of California, this _2nd_ day of _June_, 2022.

Honorable Karen S. Crawford
Magistrate Judge
United States District Court
Southern District of California
James M. Carter and Judith N. Keep United States
     Courthouse
333 West Broadway
San Diego, CA 92101
USA

[seal of the court]